UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JANE DOE and <br> JOHN DOE <br><br> Plaintiffs <br><br> v. <br><br> GOOGLE, LLC, <br> KMT WIRELESS, LLC d/b/a <br> CYNERGY, <br> ENTITIES 1 – 99 and <br> EMPLOYEES A – X <br><br> Defendants | Civil Action No. 1:22-CV-00535 |

## ASSENTED TO MOTION FOR PROTECTIVE ORDER

NOW COME the Plaintiffs, Jane Doe and John Doe, and hereby move for the Court to approve the Protective Order that is being filed herewith. All parties have agreed to the terms of the proposed protective order, and counsel for all parties have executed same. The proposed Protective Order conforms to Civil Form 5 with the following minimal modifications to the Form:

1. Given the allegations and nature of this action as a "Doe" action, adding a second confidentiality classification "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for material that constitutes and/or contains personal financial information, financial statements, or tax information; information subject to non-disclosure agreements; and such other documents individually determined to constitute highly sensitive information which the designating party reasonably determines to require protection from disclosure.

2. Adding that a party may designate "portions of documents" as confidential to Paragraph 2;

3. Adding greater specificity, given the allegations in this action, to "confidential personal information" as referenced in Paragraph 3 adding "(including medical and/or psychological records)"; and,

4. Due to the nature of this action as a "Doe" action, removal of the last sentence of Paragraph 3 ("Information or documents that are available in the public sector may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER");

5. Adding to paragraph 5(b.) (Limited Third-Party Disclosures) in subparagraph 2. that insurance carriers of a party to the Protective Order may review documents marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, and in subparagraph 6 that any mediator that may be engaged may be allowed to review documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. And adding in additional clarification regarding when documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed.

6. With regard to the waiver provisions in Paragraphs 4 and 8(c), adding the language "unless the court finds good cause exists to excuse waiver".

For the above-stated reasons the Plaintiffs, Jane Doe and John Doe hereby request that this Court:

A) Pursuant to Local Rule 26.2, grant leave of court for the parties to minimally modify Civil Form 5 as laid out above and in the accompanying Protective Order;

B) Grant this assented-to motion for protective order;

C) Approve the protective order that is being filed herewith; and

D) Grant such other relief as is just and equitable.

Dated:        6/19/23                                Respectfully submitted,

                                                     Plaintiffs,

                                                     JANE DOE AND JOHN DOE


                                                     By:      /s/ Clara E. Lyons, Esq.
                                                     Clara E. Lyons, NH Bar No. 20054
                                                     Getman, Schulthess, Steere & Poulin, P.A.
                                                     1838 Elm Street
                                                     Manchester, NH 03104
                                                     603-634-4300
                                                     clyons@gssp-lawyers.com


## CERTIFICATE OF SERVICE

I, Clara E. Lyons, Esq., hereby affirm that a copy of the assent to motion for protective order and associated attachments has been forwarded this day to all counsel of record via the Court's ECF system. I further swear and affirm that Defendants' counsel has assented to this motion.


Dated:        6/19/23                                By:      /s/ Clara E. Lyons
                                                     Clara E. Lyons, Esq.
                                                     Bar No. 20054